**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Willie Gardley, | No. CV-24-00521-TUC-RCC (BGM) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| B. Hudson, | |
| Respondent. | |

Before the Court is Petitioner Willie Gardley's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. (Doc. 1.) The petition has been fully briefed. (Docs. 9, 10.) Pursuant to Local Rules 72.1 and 72.2, this matter was referred to Magistrate Judge Bruce G. Macdonald for a report and recommendation.[1] (Doc. 5 at 3.) The Magistrate Judge recommends that the District Judge, after his independent review, deny the petition and dismiss this case.

## BACKGROUND

On October 25, 2024, Willie Gardley, who is currently incarcerated with the Federal Bureau of Prisons (Bureau) and housed at the Federal Correctional Institution in Tucson, Arizona (FCI-Tucson), filed the petition at hand. (Doc. 1.) Gardley raises two grounds for relief in his petition, asserting that the Bureau misinterpreted section 3632(d)(4)(C) of the First Step Act (FSA) when drafting its own guidance concerning the application of earned

---

[1] Rules of Practice and Procedure of the U.S. District Court for the District of Arizona.

time credits and that his failure to exhaust administrative remedies before filing suit should be excused.[2] (*Id*. at 4-6 .)  Gardley requests that the Court invalidate 28 C.F.R. § 523.44 and immediately apply his earned time credits to his sentence.  (*Id*. at 5-6, 8.)

Gardley's projected release date is not until November 14, 2047, he was most recently determined to be a medium risk for recidivism, and he remains ineligible for prerelease custody until May 14, 2047.  (Docs. 9-6 at 3; 9-7 at 3.)  As such, Gardley is ineligible for the application of earned time credits under the plain language of the FSA, and his petition should be summarily dismissed.

## LEGAL STANDARD

A district court may grant habeas relief when a petitioner is in custody in "violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241.  Generally, motions to contest the legality of a sentence are filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution are brought under § 2241 in the custodial court.[3]  *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  A prisoner may also challenge computation of his sentence or seek judicial review of any jail-time determination via a § 2241 petition.  *Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999); *see also Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (cleaned up) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus").  The petitioner bears the burden of proving that he is being held contrary to federal law by a preponderance of the evidence.  *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); *Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004).

---

[2] Gardley's first ground for relief addresses only whether he has exhausted administrative remedies before filing his petition.  (Doc. 1 at 4.)  This ground fails to challenge the manner, location, or condition of the execution of a sentence and should be denied.

[3] The custodial court is the district court in the district where the prisoner is incarcerated.  *See Trump v. J. G. G.*, 145 S. Ct. 1003, 1005-06 (2025) (cleaned up) ("For core habeas petitions, jurisdiction lies in only one district: the district of confinement.").

# DISCUSSION

A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases (applicable to § 2241 petitions under Rule 1(b)); *see also O'Bremski v. Maass*, 915 F.2d 418, 421 (9th Cir. 1990) (affirming district court's summary dismissal of habeas corpus petition under Rule 4).

Gardley's petition should be summarily dismissed because similarly situated state prisoners have brought nearly identical habeas corpus petitions in this District raising the same invalid arguments. *See, e.g., Ramsland v. Hudson*, No. CV-24-00360, 2024 WL 5058607, at *1 (D. Ariz. Oct. 28, 2024), *report and recommendation adopted,* 2024 WL 5056454 (D. Ariz. Dec. 10, 2024); *Torres v. Gutierrez*, No. CV-23-00569, 2024 WL 4182237, at *1 (D. Ariz. Sept. 13, 2024); *Lopez v. Gutierrez*, No. CV-23-00534, 2024 WL 4026215, at *1 (D. Ariz. Sept. 3, 2024), *appeal docketed*, No. 24-5767 (9th Cir. Sept. 23, 2024); *Johnston v. Colbert*, No. CV-22-0260, 2023 WL 9510557, at *1 (D. Ariz. Aug. 15, 2023), *report and recommendation adopted,* No. CV-22-00260, 2024 WL 418123 (D. Ariz. Feb. 5, 2024), *aff'd,* No. 24-850, 2024 WL 4903725 (9th Cir. Nov. 27, 2024).

Under the express terms of the FSA, prisoners with medium or high risk recidivism levels are eligible to *earn* time credits, but the Bureau cannot *apply* those credits until the prisoner has either been categorized as minimum or low risk to recidivate or has been approved by the warden for transfer to prerelease custody. *Torres*, 2024 WL 4182237, at *3 (citing 18 U.S.C. § 3624(g)). While subsection 3632(d)(4)(C) of the FSA provides that "[t]ime credits earned under this paragraph … *shall* be applied toward time in prerelease custody or supervised release," (emphasis added), the next sentence in the same subsection limits earned time credit application in that "[t]he Director of the Bureau of Prisons shall transfer *eligible* prisoners, as determined under section 3624(g), into prerelease custody or supervised release," 18 U.S.C. § 3632(d)(4)(C) (emphasis added). Thus, when read as a whole, subsection 3632(d)(4)(C) mandates the application of earned time credits to *eligible* prisoners only. *Ramsland*, 2024 WL 5058607, at *2.

Gardley is not eligible for application of earned time credits to prerelease custody under the FSA because he has not "been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" nor has he "had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison." *Ramsland*, 2024 WL 5058607, at *1-2 (quoting 18 U.S.C. § 3624(g)(1)(D)(i)(I) and (II)). Accordingly, Gardley's assertion that the Bureau is violating the FSA by withholding application of earned time credits to prisoners classified as medium or high risk for recidivism is meritless and should be dismissed. *See Torres*, 2024 WL 4182237, at *3 ("Although § 3632(d)(4)(C) uses 'shall,' the application of time credits is still subject to discretionary eligibility requirements. Thus, 28 C.F.R. § 523.44 accurately uses 'may' to reflect the [Bureau's] discretion in applying these credits.").

## RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Judge, after his independent review, deny the Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody, (Doc. 1), and dismiss with prejudice this case. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen (14) days of being served with a copy of this Report and Recommendation, and a party may respond to another party's objections within fourteen (14) days after being served with a copy. No replies shall be filed unless leave is granted by the District Judge. If objections are filed, the parties should use the following case number: **CV-24-521-RCC**. Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

Dated this 6th day of May, 2025.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge