# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Willie Gardley, | No. CV-24-00521-TUC-RCC |
| Petitioner, | **ORDER** |
| v. | |
| B. Hudson, | |
| Respondent. | |

On May 6, 2025, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation ("R&R") in which he recommended the Court deny Petitioner Willie Gardley's Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody. (Doc. 12.) The Magistrate Judge informed the parties they had 14 days to file objections and an additional 14 days to respond. (*Id.* at 20.) Petitioner filed an objection to the R&R. (Doc. 13.) The Court granted an extension for Respondent's response. (Doc. 15.) However, the Court has reviewed the objection and finds a response is unnecessary. *See* LR Civ 7.2(c). For the reasons stated below, the Court will adopt the R&R and deny the § 2241 habeas petition.

**I.   Standard of Review**

The standard of review of a magistrate judge's R&R is dependent upon whether a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine *de novo* any part of the magistrate judge's

disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Moreover, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

## II. Petitioner's Objections

Petitioner objects, arguing that he is eligible to earn time credits. (Doc. 13.) He claims he is an "eligible prisoner" under Section 3624(g)(1)(B) because he has lowered his recidivism risk from high to medium. (*Id.*) Thus, his time credits must be applied to his sentence. (*Id.*) As demonstrated below, Petitioner's interpretation of the statutory language is mistaken.

## III. Applicable Law

### a. 18 U.S.C. § 3632(d)(4)(C) ("Application Statute")

The Application Statute guides when prisoners can apply time credits towards supervised release. The Application Statute does not include discretionary language. However, it requires not only that the prisoner has earned First Step Act Time Credits ("FSA Time Credits"), but that the prisoner is considered "eligible" under § 3624(g).

### b. 28 C.F.R. § 523.44(b) ("Code for Application")

The Code for Application gives the Bureau discretion to apply FSA Time Credits to prerelease custody for an eligible inmate under 18 U.S.C. § 3624(g) who also has "a demonstrated recidivism risk reduction *or* maintained a minimum or low recidivism risk, during the term of imprisonment"; and had his remaining prison sentence "computed under applicable law." Therefore, like the Application Statute, the Code for Application requires that a prisoner is "eligible" according to § 3624(g).

### c. 18 U.S.C. § 3624(g) ("Eligibility Statute")

To be eligible for prerelease custody, a prisoner must:

(A) have "earned time credits . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment";

(B) have "a demonstrated recidivism risk reduction" or have maintained a minimum or low recidivism risk";

(C) have "had the remainder of the prisoner's imposed term of imprisonment computed under applicable law"; **and**

(D)(i) for prerelease custody,

(I) have "been determined . . . to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner; or

(II) has had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison, **after the warden's determination** that—

(aa) the prisoner would not be a danger to society if transferred to prerelease custody or supervised release;

(bb) the prisoner has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities; and

(cc) the prisoner is unlikely to recidivate.

Therefore, the Eligibility Statute demands "that the prisoner 'has been determined . . . to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner' or has specific approval by the warden." *Thigpen v. Heisner*, No. CV-23-01359-PHX-ROS (CDB), 2024 WL 1705256, at *2 (D. Ariz. Mar. 4, 2024), *report and recommendation adopted*, No. CV-23-01359-PHX-ROS, 2024 WL 1702275 (D. Ariz. Apr. 19, 2024).

Petitioner has been evaluated as a medium risk for recidivism and is therefore not eligible for application of FSA Time Credits. (Docs. 9-6 at 3; 9-7 at 3.) First, he has failed to meet the eligibility requirement of low to minimum risk of recidivism under 18 U.S.C. § (D)(i)(I).

Second, the Court does not have authority to review Petitioner's eligibility under 18 U.S.C. § (D)(i)(II) because eligibility is left to the Bureau's discretion.

The Magistrate Judge's R&R is consistent with other opinions from this, and other

districts. *See Zachary Joseph Love, Petr., v. Jason Gunther, Respt.*, No. CV-24-02355-PHX-GMS (DMF), 2025 WL 906905, at *7 (D. Ariz. Mar. 6, 2025), *report and recommendation adopted sub nom. Love v. Gunther*, No. CV-24-02355-PHX-GMS, 2025 WL 904542 (D. Ariz. Mar. 25, 2025) ("The FSA, including the accompanying federal regulation, is not ambiguous in its preclusion of applying earned time credits to an inmate with a medium risk for recidivism."); *Hill v. Gunther*, No. CV-24-03214-PHX-JAT (JFM), 2025 WL 563451, at *1 (D. Ariz. Feb. 20, 2025) ("Under the express terms of that statute, a prisoner is free to earn time credits as an inmate with a medium or higher risk recidivism level, but the BOP cannot apply those credits to the prisoner's sentence unless the prisoner has been either categorized as minimum or low risk to recidivate or approved by the warden subject to certain conditions."); *Thigpen v. Heisner*, No. CV2301359PHXROSCDB, 2024 WL 1705256, at *3 (D. Ariz. Mar. 4, 2024), *report and recommendation adopted*, No. CV-23-01359-PHX-ROS, 2024 WL 1702275 (D. Ariz. Apr. 19, 2024) ("The unambiguous language of 18 U.S.C. § 3624(g) precludes application of time credits until an inmate has lowered his recidivism risk level to a low or minimum classification."); *Brown v. Garrett*, No. 722CV00551AMMJHE, 2022 WL 18161601, at *3 (N.D. Ala. Dec. 22, 2022), *report and recommendation adopted*, No. 722CV00551AMMJHE, 2023 WL 130519 (N.D. Ala. Jan. 9, 2023) ("While Brown is free to earn time credits as an inmate with a medium risk recidivism level, under 18 U.S.C. § 3624(g)(1)(D)(i)-(ii), the BOP cannot apply those time credits to her sentence unless and until she has a minimum or low risk recidivism level for two consecutive assessments for prerelease custody or a minimum or low risk recidivism level for the last assessment for supervised release.").

Moreover, the Court agrees with the Magistrate Judge that Petitioner's "assertion that the Bureau is violating the FSA by withholding application of earned time credits to prisoners classified as medium or high risk for recidivism is meritless and should be dismissed." (*See* Doc. 12 at 4 (citing *Torres v. Gutierrez*, No. CV-23-00569, 2024 WL 4182237, at *3 (D. Ariz. Sept. 13, 2024).)

///

Accordingly, IT IS ORDERED:

1) Magistrate Judge Bruce G. Macdonald R&R is ADOPTED. (Doc. 12.)
2) Willie Gardley's Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody is DISMISSED WITH PREJUDICE. (Doc. 1.)

Dated this 23rd day of June, 2025.

_____
Honorable Raner C. Collins
Senior United States District Judge